**Jimmy Charles WOMACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–1042–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 5, 1991.

Mark McIntyre, Houston, for appellant.

Charles S. Brack, Anahuac, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## ORDER

PER CURIAM.

On February 7, 1991, this Court ordered a hearing in the county court of Chambers County to determine why a statement of facts had not been filed in this case.

On February 22, 1991, the trial court conducted a hearing. On March 11, 1991, a statement of facts of the hearing was filed in this court. The court made no ruling at the hearing. On March 14, 1991, the court's findings of facts and conclusions of law were filed in this Court.

The court concluded as follows: (1) defendant's attorney did not provide ineffective assistance of counsel from the date of sentencing October 25, 1990, to November 26, 1990; (2) appellant was not indigent from October 25, 1990, to January 28, 1991; (3) appellant is not entitled to a free statement of facts because he failed to exercise due diligence in requesting it.

In making the conclusion that appellant failed to exercise due diligence in requesting a free statement of facts, the court relied on *Abdnor v. State*, 712 S.W.2d 136 (Tex.Crim.App.1986), a case interpreting TEX.CODE CRIM.PROC.ANN. art. 40.09 subd. 5. That article of the Code of Criminal Procedure was repealed in 1986 when the Texas Rules of Appellate Procedure were adopted.

At the time *Abdnor* was decided the relevant portion of subdivision 5 read as follows:

> The court shall order the reporter to make such transcription without charge to the appellant if the court finds, *after hearing in response to an affidavit filed by the appellant not more than 20 days after giving notice of appeal,* that he is unable to pay or give security therefor (Emphasis supplied).

The subject of subdivision 5 is now found in the Rules of Appellate Procedure.

> Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts *may*, by motion and affidavit, move the trial court to have the statement of facts furnished without charge.

TEX.R.APP.P. 53(j)(2).

The change from the strict 20–day time limit in subdivision 5 to the more permissive language in Rule 53 is not the only indication that time limits for requesting a statement of facts because of indigency have relaxed. If no statement of facts is timely filed, Rule 53 also provides for a hearing in the trial court to determine why appellant has been deprived of a statement of facts because of ineffective assistance of counsel *or for any other reason.* TEX.R.APP. 53(m). At that hearing the trial court may appoint counsel if necessary (presumably if appellant is indigent). *Id.* Rule 74 mandates a hearing in the trial court if a brief is not timely filed. At that hearing, if the appellant is indigent, the trial judge "shall take such measures as may be necessary to assure effective representation of counsel." TEX.R.APP.P. 74(*l*)(2). We believe such measures may include ordering a free statement of facts.

Accordingly, we order the judge of the county court of Chambers County to (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall be present, to determine whether appellant has been deprived of a statement of facts because of ineffective assistance of counsel on appeal or for any other reason, (2) make appropriate findings of fact and conclusions of law, (3) appoint counsel if necessary, (4) prepare a record of the hearing in the form of a statement of facts.

The judge shall determine if appellant is indigent at the time of the hearing. If the judge finds appellant is indigent he shall order a free statement of facts and appoint counsel. The record shall be filed with the clerk of this court at or before noon on October 7, 1991.